UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GUSTAVO ACOSTA, MARIA DEL CARMEN RAU, AND MAGDALENA TORRES, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No. 16 C 5393 |
| ASHLEY'S QUALITY CARE, INC., | ) ) | Judge Thomas M. Durkin |
| Defendant. | ) ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiffs Gustavo Acosta, Maria Del Carmen Rau, and Magdalena Torres sued defendant Ashley's Quality Care, Inc. ("Ashley's") under the Fair Labor Standards Act and Illinois Wage Payment and Collection Act for failure to pay minimum and overtime wages. Currently before the Court are: (1) Ashley's motion to vacate the order of default against it and to dismiss plaintiffs' citation to discover assets (R. 36); and (2) plaintiffs' motion for a turnover order (R. 29). For the reasons set forth below, Ashley's motion is denied, and plaintiffs' motion is granted.

**BACKGROUND**

Plaintiffs filed their complaint against Ashley's on May 19, 2016. R. 1. On July 5, 2016, special process server Kathleen DiNunno delivered the summons and complaint to 610 West Root Street, Chicago, Illinois—Ashley's place of business and the address of its registered agent, Frankie Jean Redditt. R. 39-1 ¶ 4. According to an affidavit filed by DiNunno, Ashley's receptionist Genorise Carmichael told

1

DiNunno that Redditt was unavailable, but that Carmichael "was authorized to accept service on behalf of the business." *Id.* ¶ 6. DiNunno therefore "left a copy of the summons, complaint, and [a] June 10, 2016 order from the Court with [Carmichael]." *Id.* ¶ 7. DiNunno attests that Carmichael "understood the nature of the documents served upon her as [DiNunno] informed [Carmichael] of their contents." *Id.* ¶ 9. DiNunno's original affidavit filed with the Court on July 11, 2016 along with the return of service states: "Genorise Carmichael is authorized to accept service on behalf of the business." R. 6 at 2.

When Ashley's failed to answer the complaint, plaintiffs filed a motion for default, which they served on Ashley's (care of Redditt) by certified mail. R. 9 at 4. This Court granted "the entry of a default order" August 25, 2016. R. 12. Plaintiffs subsequently moved for a default judgment and served that motion on Ashley's (care of Redditt) by certified mail. R. 15 at 4. The Court entered default judgment against Ashley's on November 16, 2016. R. 19. The default judgment awarded plaintiffs damages for wages they represented by affidavit had been unpaid. *Id.*[1] In October 2017, plaintiffs issued a citation to discover assets to third-party PNC Bank (Ashley's bank). R. 22; R. 25. In December 2017, plaintiffs moved for a turnover order of $1,824.30 in funds held by PNC Bank. R. 29.

On February 5, 2018, Ashley's moved to vacate the default and to dismiss plaintiffs' citation to discover assets. R. 29. In support of its motion, Ashley's filed

---

[1] The default judgment awarded plaintiff Acosta $2,461.97 and plaintiff Del Carmen Rau $2,776.31 in owed wages and statutory interest. R. 19. Torres, the third plaintiff, did not seek and was not awarded a default judgment.

2

an affidavit from its human resource manager Clifford Davis stating that Carmichael "was not a corporate officer of Ashley's," "did not have corporate responsibilities at Ashley's," and was not "designated to receive service of process on Ashley's." R. 36-1 ¶¶ 4-6. Ashley's also filed an affidavit from its payroll director Lazane Onar reciting alleged payments made to plaintiffs Del Carmen Rau and Acosta on certain dates, and attaching compensation records in support. R. 36-2.

## DISCUSSION

### I. Effectiveness of Service of Process

Ashley's first argues that Carmichael did not have authority to accept service of process on behalf of Ashley's. Therefore, Ashley's says, the default judgment is void under Fed. R. Civ. P. 60(b)(4) and should be vacated.

#### A. Standard

If service is improper, a default judgment is void for lack of jurisdiction under Rule 60(b)(4). *Relational, LLC v. Hodges,* 627 F.3d 668, 672 (7th Cir. 2010) ("[A] judgment is void as to any party who was not adequately served."). And "no court has the discretion to refuse to vacate that judgment once it recognizes its lack of jurisdiction." *Philos Tech., Inc. v. Philos & D, Inc.,* 645 F.3d 851, 855 (7th Cir. 2011).

Under Fed. R. Civ. P. 4(h)(1), a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." A corporation also may be served by "following state law for serving a summons . . . in the state where the district court is located or where service is

made." Fed. R. Civ. P. 4(h)(1) & (e)(1). Illinois law provides that "[a] private corporation may be served . . . by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State." 735 ILCS 5/2-204(1).

A plaintiff generally bears the burden of showing "that the district court has jurisdiction over each defendant through effective service." *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011). However, "'where the agency of the person named on the return is disputed, the defendant has the burden of proving that the individual served was not a proper person to receive service.'" *Iosello v. Lexington Law Firm*, 2003 WL 21920237, at *3 (N.D. Ill. Aug. 12, 2003) (quoting *Island Terrace Apartments v. Keystone Serv. Co.*, 341 N.E.2d 41, 44 (Ill. App. Ct. 1975)); *accord Esquivel v. Doc Able's Auto Clinic, Inc.*, 2016 WL 1463768, at *2 (N.D. Ill. April 14, 2016).

B. Application

Ashley's argues that it was not properly served because Carmichael was not its registered agent, corporate officer, or authorized to accept service, citing Davis's affidavit in support. But service on any "agent of the corporation" is proper under Illinois law, 735 ILCS 5/2-204(1), and therefore under Fed. R. Civ. P. 4(h)(1). As this Court explained in *Esquivel*, "[w]hether a clerk, typist, or receptionist is an appropriate agent for service of summons [in Illinois] is a factual question." 2016 WL 1463768 at *3; *accord MB Fin. Bank, N.A. v. Ted & Paul, LLC*, 990 N.E.2d 764, 775 (Ill. App. Ct. 2013) (remanding service issue as a "factual question . . . best left

4

for a trial court"). And because Ashely's disputes the agency of Carmichael—the person named on the return—it has the burden of proof on that factual question. *Iosello*, 2003 WL 21920237, at *3.

As this Court further explained in *Esquivel*, "'service upon an intelligent clerk of a company who acts as a receptionist and who understood the purport of the service of summons,' is proper service of process under Illinois law." 2016 WL 1463768 at *3 (citing *Megan v. L.B. Foster Co.*, 275 N.E.2d 426, 427 (Ill. App. Ct. 1971)); *accord Dei v. Tumara Food Mart, Inc.*, 941 N.E.2d 920, 927 (Ill. App. Ct. 2010); *Island Terrace*, 341 N.E.2d at 44. Applying this principle, courts—including in cases on which Ashley's relies[2]—have found service on a receptionist ineffective under Illinois law where the receptionist objected to service, never claimed to be authorized to accept service, or demonstrated by subsequent actions that he or she did not understand the purpose of service. *See, e.g.*, *Esquivel*, 2016 WL 1463768, at *3 (service on a receptionist improper where the receptionist made no representation of being an authorized agent or officer, and the registered agent later informed plaintiff's counsel by email that he did not believe the receptionist was authorized to accept service on his behalf); *Dei*, 941 N.E.2d at 927-28 (service on cashier improper where the cashier's "actions after receiving the summons and complaint do not provide evidence that he understood their import or substance,"

---

[2] Other cases on which Ashley's relies either do not deal with Illinois service of process principles (*see Schultz v. Schultz*, 436 F.2d 635 (7th Cir. 1971) (applying federal and Wisconsin service of process principles)), or deal with specific "statutes governing service of process on public entities" (*see Sarkissian v. Chi. Bd. of Educ.*, 776 N.E.2d 195, 204-06 (Ill. 2002)).

5

and to the contrary, "it [wa]s clear that [he] . . . did not understand the import of the service of summons or his duty to deliver it to his employer, and . . . was not a designated agent for service of process"); *Sneed v. Winston Honore Holdings, LLC*, 2017 WL 467686, at *2 (N.D. Ill. Feb. 3, 2017) (service on a receptionist ineffective where receptionist made no claim of being authorized agent or officer).

By contrast, the Southern District of New York in *Arbitron, Inc. v. Marathon Media, LLC*, 2008 WL 892366 (S.D.N.Y. Apr. 1, 2008), found service on a receptionist proper under Illinois law where her affidavit, which stated that she was not authorized to accept legal process, nevertheless showed that "she was an 'intelligent' receptionist who appreciated the importance of legal papers," and "[s]he accepted the papers and got them into the hands of senior personnel . . . without advising the process server that she was unable to accept them." *Id.* at *4.

Here, unlike in *Esquivel*, *Dei*, and *Sneed*, the evidence supports that Carmichael "understood the purport of the service of summons." *Megan*, 275 N.E.2d at 427. DiNunno's affidavit represents that Carmichael told DiNunno that "she was authorized to accept service on behalf of the business," and that Carmichael "understood the nature of the documents served upon her as [DiNunno] informed [Carmichael] of their contents." R. 39-1 ¶¶ 6, 9. And DiNunno's original affidavit filed with the return of service corroborates that "Carmichael [wa]s authorized to accept service on behalf of the business." R. 6 at 2.

Ashley's—which has the burden of proof—does not provide an affidavit from Carmichael stating anything to the contrary. The affidavit Ashley's does provide

6

from its human resource manager Davis does not state or otherwise indicate that Carmichael did not understand the purpose of the service of summons. *See* R. 36-1. Indeed, Davis's affidavit does not even state that Carmichael was not *authorized* to receive service of process, instead merely stating that she was not "designated to receive service of process." R. 36-1 ¶ 6. Davis's affidavit also does not represent that Carmichael failed to deliver the summons and complaint to the appropriate parties.

As in *Arbitron*, the uncontroverted allegations in DiNunno's affidavit thus support that Carmichael was "an 'intelligent' receptionist who appreciated the importance of legal papers." 2008 WL 892366, at *4. In addition, the uncontroverted allegations in DiNunno's affidavit support that Carmichael went beyond failing to tell "the process server that she was unable to accept," *id.*, and affirmatively represented that she was authorized to accept service. The Court therefore finds that, like in *Arbitron*, service was proper, and the default judgment is not void for lack of jurisdiction. *See id.*

## II. Other Alleged Grounds for Vacating Default

Ashley's argues in the alternative that the default should be set aside under Fed. R. Civ. P. 60(b)(5), 60(b)(6), or 60(d)(3) because the amounts plaintiffs claimed they were owed in their default affidavits were incorrect.

### A. Timeliness

A motion under Rule 60(d)(3) is not subject to timeliness constraints because "a district court has the inherent power to vacate a judgment at any time because of 'fraud on the court.'" *Ventre v. Datronic Rental Corp.*, 482 F. App'x 165, 169 (7th Cir.

7

2012). But the same is not true for Ashley's arguments under Rules 60(b)(5) and 60(b)(6). Any "motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c).

"There is no hard and fast rule as to how much time is reasonable for the filing" of a Rule 60(b)(5) or Rule 60(b)(6) motion, but "courts have found periods of as little as a few months unreasonable, and have found periods of as long as three years reasonable." *Sudeikis v. Chicago Transit Authority*, 774 F.2d 766, 769 (7th Cir. 1985). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and [the consideration of] prejudice [if any] to other parties." *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986) (motion made four months after plaintiff learned of dismissal was not reasonable); *accord Ingram v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 371 F.3d 950, 952 (7th Cir. 2004).

The Court finds that Ashley's did not file its motion in a reasonable time. It did not file its motion until a year and a half after the Court's initial default order, over a year after the Court's default judgment, and a number of months after citations were issued. It does not appear that Ashley's lacked "the practical ability . . . to learn earlier" of the default. *See Kagan*, 795 F.2d at 610. Ashley's does not argue that it never had notice of this litigation. It does not claim that Carmichael failed to deliver the summons to the appropriate parties, or that it failed to receive plaintiffs' motions for default served on it by certified mail.

Nor does Ashley's provide a remotely satisfactory "reason for delay." *See id*. Ashley's claims that it waited so long because there was "no activity in this case until October 21, 2017 when Plaintiffs filed their citation to discover assets," and so "one could reasonably conclude that Ashley's believed that this matter had been fully resolved and no further action was needed." R. 40 at 5-6. But there was plenty of activity earlier in the case that could have and should have prompted Ashley's to take action. Ashley's does not provide a satisfactory explanation for what appears to be willful ignorance of this litigation.

The Court further finds that the plaintiffs—who are low-wage workers—would be "prejudice[d]" if the default was vacated and they had to litigate this case based on facts that occurred several years ago. *See Kagan*, 795 F.2d at 609. The Court declines to reward Ashely's failure to timely respond to this litigation in a way that could prejudice plaintiffs. The Court therefore finds Ashley's requests for relief under Rules 60(b)(5) and 60(b)(6) untimely. (Again, Ashley's request under Rule 60(d)(3) is not untimely because that rule does not have a timeliness requirement.)

### B. Merits

The Court further finds that Ashley's has not come close to satisfying the standard for vacating a default under Rules 60(b)(5), 60(b)(6), or 60(d)(3). The Seventh Circuit allows district courts "considerable latitude," or "discretion piled on discretion," in making decisions with respect to vacating default judgments. *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012). "Precisely because there is no deadline

9

for asserting fraud on the court [under Rule 60(d)(3)], such a motion must allege the kind of fraud that ordinarily couldn't be discovered, despite diligent inquiry, within a year." *Ventre v. Datronic Rental Corp.*, 482 F. App'x 165, 169 (7th Cir. 2012). Relief under Rule 60(b)(6) is an "extraordinary remedy" "limited to exceptional circumstances." *Neuberg v. Michael Reese Hosp. Found.*, 123 F.3d 951, 955 (7th Cir. 1997). And an argument that a judgment is "no longer equitable" under Rule 60(b)(5) "cannot prevail" if any inequities are "unextraordinary." *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 631 (7th Cir. 1997).

Ashley's motion takes issue with the amount of unpaid wages claimed in plaintiffs' default affidavits. In support, Ashley's attaches compensation reports verified by an affidavit from its payroll director Onar purporting to show payments to plaintiffs Acosta and Del Carmen Rau. R. 36-2. Plaintiffs counter that these reports are general in nature and fail to "establish that [they] did not work more hours than [they] were paid." R. 39 at 8. Plaintiffs also agree to "offset any payments made by Defendant in future post-judgment proceedings" "[i]n the interest of equity." *Id.* at 10.

The Court finds that the compensation reports are not conclusive as to whether Ashley's paid plaintiffs for all hours worked. Ashley's has not produced timekeeping records or more precise payroll records. At this stage, the Court declines to scrutinize the compensation reports and other evidence to make detailed factual findings. Ashley's has not made the type of exceptional or extraordinary

10

showing of inequity or undiscoverable fraud that would justify vacating the default judgment.

## Conclusion

For the foregoing reasons, the Court denies Ashley's motion to vacate default and to dismiss plaintiffs' subsequent citation to discover assets (R. 36). The Court grants plaintiffs' motion for a turnover order (R. 29).

ENTERED:

_Thomas M. Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: April 4, 2018